11-378-cv
Faccio v. U.S. Department of Housing and Urban Development

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand eleven.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

**Daniel Faccio, Faccio Family,**

> *Plaintiffs-Appellants*,

> **v.**                                                                  **11-378-cv**

**U.S. Department of Housing and Urban Development, Buffalo Office, Miss Mary,**

> *Defendants-Appellees*.

_____

> Daniel Faccio, *pro se*, Kingston, NY, *for Plaintiff-Appellant Daniel Faccio*.

Paula Ryan Conan, Assistant United States Attorney; Richard S. Hartunian, United States Attorney for the Northern District of New York; Syracuse, NY, *for Defendant-Appellee U.S. Department of Housing and Urban Development*.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Daniel Faccio, *pro se*, appeals the district court's judgment granting Defendant-Appellee U.S. Department of Housing and Urban Development's ("HUD's") motion to dismiss his complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court reviews *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Faccio failed to oppose the dismissal motion below. He now argues for the first time on appeal that HUD was not entitled to sovereign immunity and that his complaint stated a claim under the Fair Housing Act. The well-established general rule is that a court of appeals will not

2

consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976). Although we may, in our discretion, disregard the general rule when necessary to remedy manifest or obvious injustice, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990), Faccio has not demonstrated that review of these issues is necessary to remedy manifest injustice and, in any event, his arguments are meritless.

The district court properly determined that Faccio's complaint failed to state a claim. Contrary to Faccio's argument on appeal, his complaint did not suggest that he had a plausible claim against HUD under the Fair Housing Act. No right of action lies against HUD for its failure to investigate a charge of discrimination under the Fair Housing Act. *See Marinoff v. U.S. Dep't of Hous. & Urban Dev.*, 78 F.3d 64, 65 (2d Cir. 1996) (per curiam). Nor did Faccio's allegations suggest that he had any plausible claim against "Miss Mary," the individual HUD employee whom he alleged had failed to investigate his complaint of discrimination. To the extent that Faccio's invocation of 42 U.S.C. § 1983 could be construed as an attempt to assert a *Bivens* claim against "Miss Mary," his allegation that she failed to investigate his discrimination complaint did not suggest a violation of any of his constitutional rights cognizable as a *Bivens* claim.

Although Faccio purported to assert claims on behalf of unidentified members of his family, he is without power to do so because, as a non-attorney *pro se* litigant, he may not represent anyone but himself, *see Berrios v. New York City Housing Authority*, 564 F.3d 130, 132-33 (2d Cir. 2009), and there is no indication in the record, other than by Faccio's assertion, that his family members in any way authorized the bringing of suit in their names. Thus, the dismissal here will not have any *res judicata* effect on Faccio's individual family members

3

because they were never made parties to the action. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007).

We have considered all of Faccio's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4