**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3231
_____

*CHRISTIANA ITIOWE,
                    Appellant

v.

UNITED STATES GOVERNMENT; UNITED STATES HOUSE
OF REPRESENTATIVES/CONGRESS; DEPARTMENT OF HOMELAND
SECURITY; STATE OF NEW JERSEY MENTAL HEALTH DIVISION

(*Amended as per the Clerk's 08/12/13 Order)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-02102)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 30, 2013

Before:  SMITH, GARTH and ROTH, Circuit Judges

(Filed: February 11, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Christiana Itiowe ("Christiana") appeals the District Court's order dismissing her complaint. For the reasons set forth below, we will affirm the District Court's order.

Christiana filed a complaint in the District Court naming various government entities (set forth in the margin[1]) as defendants. While she listed herself as the plaintiff, her claims concerned alleged injuries to her brother, Franklin Itiowe ("Franklin"). She alleged that in 2006, Franklin, who is a citizen of Nigeria, applied to become a lawful permanent resident of the United States. However, in March 2006, days before he was scheduled to be interviewed by immigration officials in connection with his application, he had a psychotic episode and was hospitalized in New York, which prevented him from attending the interview. As a consequence, Christiana says, the immigration proceedings were closed and Franklin was denied relief. Franklin is now, apparently, an inpatient at the Trenton Psychiatric Hospital ("Hospital"). Although the complaint is rather unclear, it appears that Hospital personnel attempted to reopen the immigration matter on Franklin's behalf, but that Christiana disagrees with the way that they have handled the proceedings. She also asserted that while in the Hospital, Franklin contracted hepatitis A. She has requested that a green card be issued to Franklin and that damages of $300 billion be awarded.

---

[1] Christiana sued the United States Government, the United States House of Representatives, the Department of Homeland Security, the Trenton Psychiatric Hospital, and the State of New Jersey Mental Health Division.

The District Court dismissed the complaint, concluding that Christiana lacked standing to litigate these claims. Christiana then filed a timely notice of appeal to this Court. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).[2]

We agree with the District Court that Christiana does not have standing to pursue these claims on her own behalf. Article III of the Constitution limits federal judicial power to the adjudication of cases or controversies. U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co., L.P. v. APCC Servs., 554 U.S. 269, 273 (2008). To establish standing, a plaintiff must allege an injury that "affect[s] the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992). Thus, subject to exceptions not relevant here, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). Here, as the District Court concluded, Christiana did not allege that she suffered an injury; rather, her claims concern her brother's alleged injuries. Accordingly, we discern no error in the District Court's conclusion that Christiana does not have standing to assert these claims. See generally Whitmore v. Arkansas, 495 U.S. 149, 156-61 (1990).

---

[2] In this Court, appellee United States House of Representatives filed a motion to be excused from filing a brief, which we granted on October 29, 2013. In that same order, we denied Christiana's request that we issue a green card to Franklin.

With that said, a review of the complaint suggests that Christiana intends to assert these claims on her brother's behalf. See generally Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 559-60 (7th Cir. 1996) (considering both caption and body of complaint to assess pro se plaintiff's claims). Franklin unquestionably does have standing to raise these claims; thus, the issue is not whether the standing requirements are satisfied, but whether Christiana is permitted to sue on Franklin's behalf. See Gardner ex rel. Gardner v. Parson, 874 F.2d 131, 137 n.9 (3d Cir. 1989). She is not. It is well settled that an individual proceeding pro se may not represent third parties in federal court. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010); Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). Therefore, Christiana lacks the authority to sue on behalf of her brother, and lacks standing to sue on behalf of herself. The District Court thus did not err in dismissing Christiana's complaint, although we stress that the dismissal as to Franklin's claims is without prejudice. See, e.g., Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 135 (2d Cir. 2009).

Accordingly, we will affirm the District Court's order. We also deny Christiana's separate motions to remand the case to the District Court, to stay this appeal, and to issue a green card to Franklin, and to file documents under seal.

4