08-4832-cv
Berrios v.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - - -

August Term, 2008

(Motions submitted: February 25, 2009    Decided: April 23, 2009)

Docket No. 08-4832-cv

_____

JESUS BERRIOS, as Guardian Ad Litem of ANGEL M. TRAVIESO,

Plaintiff-Appellant,

- v. -

NEW YORK CITY HOUSING AUTHORITY,

Defendant-Appellee.

_____

Before:    KEARSE and KATZMANN, Circuit Judges, BIANCO, District Judge*.

Motions by unrepresented non-attorney litigant for, inter alia, appointment of counsel and leave to proceed in forma pauperis on appeal from a judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, Judge, dismissing, for failure to state a claim on which relief may be granted, his complaint on behalf of another person.

---

* Honorable Joseph F. Bianco, of the United States District Court for the Eastern District of New York, sitting by designation.

Motion for in forma pauperis status granted for purpose of vacating judgment; other motions denied as moot; matter remanded for continuation of the action with assistance of counsel or for dismissal of the action without prejudice.

> JESUS BERRIOS, Plaintiff-Appellant pro se,
> Staten Island, New York.

KEARSE, Circuit Judge:

Plaintiff Jesus Berrios, a non-attorney who is not represented by counsel, and whose complaint asserts claims only on behalf of Angel M. Travieso, identified as his nephew and alleged to be incompetent, seeks to appeal from a judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, Judge, sua sponte dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Berrios has moved in this Court for various relief, including leave to proceed in forma pauperis, assignment of counsel, and appointment of himself as Travieso's guardian ad litem. Because a "pro se" non-attorney is not allowed to represent another entity in federal court litigation, we grant Berrios's motion to proceed in forma pauperis for purposes of vacating the judgment of the district court and remanding for further proceedings, and we deny his remaining motions as moot.

- 2 -

## I. BACKGROUND

The complaint filed by Berrios alleged that Travieso is Berrios's nephew and is "an alleged incompetent person, residing at Wavecrest Home For Adults." (Complaint ¶ 10.) It asserted claims that defendant New York City Housing Authority had dealt improperly with Travieso's application for public housing, in violation of numerous federal laws, including 42 U.S.C. §§ 1981, 1982, 2000d, 1437d, 3604, and 12132, and various state laws. Berrios moved to be appointed Travieso's guardian ad litem, to proceed in forma pauperis, and to have the district court appoint counsel to represent him. In support of his motion for appointment as guardian ad litem, Berrios stated that although Travieso "has not been declared to be of unsound mind upon any inquisition" and has not had "any guardian . . . specially appointed for" him, he "is of unsound mind by reason of mental retardation and is incapable of the management of his affairs." (Berrios Motion for Appointment of Guardian Ad Litem ¶ 2.) Berrios added to the motion a handwritten note stating, "I was the representative payee for . . . Travieso before the [Social Security Administration]" and "manage[d] all his personal affairs . . . until May, 2004. I do not have a power of attorney. I am no longer his representative payee because since 5/4/04 he is a resident at Wavecrest Home for Adults."

In an Order of Dismissal dated August 25, 2008 ("District Court Order"), the district court granted Berrios's motion to

- 3 -

proceed in forma pauperis, but it "decline[d] to rule on [his] motion to proceed as Mr. Travieso's guardian ad litem because he fails to allege a claim on which relief may be granted," District Court Order at 3. After analyzing the federal claims asserted in the complaint, the court dismissed the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that when a party proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." The district court declined to exercise supplemental jurisdiction over the asserted state-law claims. It certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its order of dismissal "would not be taken in good faith," District Court Order at 11, thereby revoking Berrios's in forma pauperis status for purposes of appeal, see generally Miranda v. United States, 455 F.2d 402, 403 (2d Cir. 1972) (citing identical language in predecessor statute).

Berrios has appealed and has moved in this Court principally for (a) leave to proceed on appeal in forma pauperis, and related relief, (b) appointment of himself as Travieso's guardian ad litem, (c) appointment of counsel, and (d) an award of attorney's fees in the event that counsel is appointed. For the reasons that follow, we grant Berrios's motion to proceed in forma pauperis for purposes of vacating the judgment, and we remand for the district court either to allow continuation of the action with

- 4 -

Travieso represented by a suitable guardian ad litem and counsel or to dismiss the action without prejudice.

## II.  DISCUSSION

In the federal courts, "parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654. This provision authorizes only "two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'"  Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) ("Lattanzio") (quoting Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) ("Eagle Assocs.")).  Although § 1654 thus recognizes that an individual generally has the right to proceed pro se with respect to his own claims or claims against him personally, "[t]he statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'"  Lattanzio, 481 F.3d at 139 (quoting Eagle Assocs., 926 F.2d at 1308); see, e.g., Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

The reasons for requiring that a party, unless exercising his constitutional right to represent himself, be represented by an attorney are principally that the conduct of litigation by a non-attorney creates unusual burdens for his adversaries and the court, as well as for the party he would represent.  "The lay

- 5 -

litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, [and] proceedings that are needlessly multiplicative." Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22 (2d Cir. 1983); see also id. (the lay litigant also lacks many of the attorney's ethical responsibilities, such as to avoid litigating unfounded or vexatious claims).

Thus, we have held that a layperson may not represent a corporation of which he is the sole shareholder, see, e.g., id. at 23; a limited liability company of which he is the sole member, see, e.g., Lattanzio, 481 F.3d at 140; a partnership in which he is a partner, see, e.g., Eagle Assocs., 926 F.2d at 1308-10; a co-party in the litigation, see, e.g., McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000); an estate that has beneficiaries or creditors other than the lay litigant, see, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); or a minor child, see, e.g., Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("Cheung"); Wenger v. Canastota Central School District, 146 F.3d 123, 125 (2d Cir. 1998) ("Wenger") (holding, inter alia, that where no party raised the issue of a child's representation by a non-attorney, the district court was required to raise the issue sua sponte), overruled on other grounds by Winkelman v. Parma City School District, 550 U.S. 516 (2007).

In Cheung, for example, noting that the "statutory right to proceed pro se reflects a respect for the choice of an

- 6 -

individual citizen to plead his or her own cause," we held that a father was not allowed to bring suit on behalf of his minor daughter without representation by counsel. 906 F.2d at 61 (emphasis added). We noted that where an individual lacks the capacity to sue due to minority, "[t]here is . . . no individual choice to proceed pro se for courts to respect." Id. We ruled that "no issues concerning th[e] litigation should be decided until the counsel issue is resolved," and we remanded to give the father "an opportunity to retain counsel or to request the appointment of counsel," and stated that if he did not proceed to "retain counsel and if the district court decline[d] to appoint counsel, the complaint should be dismissed without prejudice." Id. at 62. See also Wenger, 146 F.3d at 125 (if non-attorney father "is unable on his own to find an attorney to represent his son," and if "the court concludes that counsel should not be appointed for" the son, "the court should dismiss the claims brought on [the son's] behalf without prejudice").

These principles apply equally with respect to non-attorneys' attempts to bring suit on behalf of adults who are not competent to handle their own affairs, as "[i]t is an ancient precept of Anglo-American jurisprudence that infant and other incompetent parties are wards of any court called upon to measure and weigh their interests," Neilson v. Colgate Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (internal quotation marks omitted); see generally Cheung, 906 F.2d at 61 ("It goes without saying that it is not in the interests of minors or incompetents that they be

- 7 -

represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."); see, e.g., Mann v. Boatright, 477 F.3d 1140, 1149-50 (10th Cir. 2007) (applying Cheung to an adult daughter seeking to represent her mentally incompetent father, where the daughter, although an attorney, was not admitted to practice--even pro hac vice--in the state in which her claims on behalf of her father were asserted), cert. denied, 128 S. Ct. 897 (2008).

A minor or incompetent person normally lacks the capacity to bring suit for himself. See, e.g., N.Y. C.P.L.R. 1201 (McKinney 1997); Fed. R. Civ. P. 17(b)(1) (capacity of an individual claim owner to sue is determined by "the law of the individual's domicile"). Rule 17(c) provides that a minor or incompetent person may be represented by a general guardian, a committee, a conservator, or a similar fiduciary, see Fed. R. Civ. P. 17(c)(1), and that

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action,

Fed. R. Civ. P. 17(c)(2) (emphasis added). Thus, as to a claim on behalf of an unrepresented minor or incompetent person, the court is not to reach the merits without appointing a suitable representative.

The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other

- 8 -

fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation. "[W]ithout . . . counsel, the case will not go forward at all." Wenger, 146 F.3d at 125.

A party in a civil case has no constitutionally guaranteed right to the assistance of counsel. See, e.g., United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981), cert. denied, 456 U.S. 916 (1982). Thus, although "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), it may properly deny a motion to appoint counsel-- even for a minor or incompetent person--"when it is clear that no substantial claim might be brought on behalf of such a party," Wenger, 146 F.3d at 125.

What the court may not properly do, however, is make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented. See, e.g., id. at 125; Cheung, 906 F.2d at 62; Fed. R. Civ. P. 17(c)(2). Accord Gardner by Gardner v. Parson, 874 F.2d 131, 141 (3d Cir. 1989) ("Because Patsy [a severely mentally retarded teenager] was without a representative when the court dismissed her claims, and was otherwise unprotected, the court was without authority to reach the merits of those claims."). As the sufficiency of a complaint to state a claim on which relief may be granted is a

- 9 -

question of law, see, e.g., De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 69 (2d Cir.), cert. denied, 519 U.S. 1007 (1996); McCall v. Pataki, 232 F.3d at 322-23, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects, see, e.g., Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 399 & n.3 (1981) (discussing dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) ("Cieszkowska") (discussing dismissal pursuant to 28 U.S.C. § 1915). Such a judgment "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Department Stores, Inc., 452 U.S. at 398. "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska, 295 F.3d at 205 (internal quotation marks omitted). Thus, in Cieszkowska, we affirmed the dismissal of an in forma pauperis complaint on the ground of res judicata where the plaintiff's prior complaint arising out of the same events, albeit raising a different legal theory, had been dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. See 295 F.3d at 205-06. Where the owner of a claim is a minor or incompetent person, therefore, unless that claimant is properly represented by a guardian ad litem, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted.

In the present case, the district court sua sponte dismissed the claims asserted on behalf of Travieso on the ground that the complaint failed to state a claim on which relief may be granted, without determining whether Berrios was a proper guardian ad litem and without Travieso's having the benefit of counsel. The judgment thus entered would--even if the pertinent allegations could be amended to state a viable claim--bar Travieso from asserting such claims should he ever obtain proper, counseled, representation.

Accordingly, we grant Berrios's motion for in forma pauperis status for the purpose of vacating the judgment of the district court, and we remand for further proceedings that conform to the bar against non-attorneys' representation of other entities in the federal courts. Berrios's remaining motions are denied as moot.

On remand, the district court should first determine whether Berrios is a suitable guardian ad litem for Travieso. If it finds that he is not suitable and that it is not clear that a substantial claim could not be asserted on Travieso's behalf, the court should appoint another person to be Travieso's guardian ad litem. If the court either finds that Berrios is a suitable guardian or if it appoints a suitable guardian who is a non-attorney, it should not dismiss the action without affording such guardian the opportunity to retain counsel or to seek representation from a pro bono attorney or agency. If the guardian secures an attorney or is an attorney, the court should

not dismiss the complaint for failure to state a claim without giving counsel an opportunity to file an amended complaint. If the guardian is not an attorney and does not obtain counsel, and if it is not clear to the court whether a substantial claim might be asserted on Travieso's behalf, the court should decide whether to appoint counsel, taking into "consider[ation] the fact that, without appointment of counsel, the case will not go forward at all," Wenger, 146 F.3d at 125. If counsel is not secured or appointed, the court may dismiss the complaint, but without prejudice.

If the court determines that Berrios is not a suitable guardian ad litem, and if the court views it as clear that no substantial claim could be asserted on behalf of Travieso, it may dismiss the complaint, but without prejudice.

The judgment is vacated and the matter is remanded for proceedings consistent with the foregoing.