SUMMARY ORDER
Plaintiff-appellant KLA (“plaintiff’), an incompetent adult, by her parents and next friends B.L. and R.A., who are proceeding pro se, appeals the February 20, 2008 judgment of the District Court denying KLA’s motion to reverse the decision of an administrative hearing officer in her action alleging violations of the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. § 1400 et seq. We assume the parties familiarity with the factual and procedural history of the case.
Although litigants in federal court have a statutory right to act as their own counsel, 28 U.S.C. § 1654, the statute does not permit “unlicensed laymen to repre *606 sent anyone other than themselves.” Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir.2007) (internal quotation marks omitted). That prohibition extends to non-lawyer parents seeking to represent their children, Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284-85 (2d Cir.2005); Cheung v. Youth Orchestra Found, of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990), and the representation of incompetent adults, Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 133-34 (2d Cir.2009).
Although parents have “independent, enforceable rights” under the IDEA, Winkelman ex rel. Winkelman v. Parma City Sch. Dist, 550 U.S. 516, 533, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007), the complaint in this action names KLA as the sole petitioner and asserts no claims on behalf of her parents. Accordingly, without expressing any opinion on the merits of KLA’s claims, we will defer consideration of the appeal for 45 days pending the possible appearance of counsel to represent B.L. and R.A. as next friends of KLA. See Tindall, 414 F.3d at 286 (deferring decision for 45 days pending an appearance of counsel). If counsel appears, the appeal will proceed with briefing and argument before a new panel. If counsel does not so appear, the Clerk is directed to enter an order dismissing the appeal for want of such counsel.