**Anthony PERRI, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Illegal Units of the N.Y.P.D., and the so named individuals of their Unit, John Doe # 1, John Doe # 2, Anthony R. Disalvio, Jane Doe, Defendants–Appellees.**

No. 08–1058–cv.

United States Court of Appeals, Second Circuit.

Oct. 8, 2009.

**490**

Anthony S. Perri, pro se, Flushing, NY, for Plaintiff–Appellant.

Scott Schorr, Senior Counsel, Appeals Division, The City of New York Law Department, New York, NY, by letter brief, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges, and JED S. RAKOFF, Judge.*

## SUMMARY ORDER

Plaintiff-appellant Anthony Perri ("plaintiff"), *pro se*, appeals from the February 19, 2008 judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge* ) dismissing, *sua sponte*, plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the factual and procedural history of the case.

We do not reach the merits of the District Court's dismissal of plaintiff's complaint, as we are persuaded by plaintiff's argument that the District Court erred in failing to consider whether plaintiff was an incompetent person entitled to the protections of Rule 17(c) of the Federal Rules of Civil Procedure.

Pursuant to Rule 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a[n] ... incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2). As the Fourth Circuit has explained, "What the rule undoubtedly contemplates is that form of mental deficiency which ... affects the person's practical ability 'to manage his or her own affairs.'" *Hudnall v. Sellner,* 800 F.2d 377, 385 (4th Cir.1986). A court may not dismiss on the merits the claim of an incompetent person who is not properly represented. *Berrios*

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

*v. N.Y. City Hous. Auth.,* 564 F.3d 130, 135 (2d Cir.2009). We review a decision on whether or not to appoint a guardian ad litem for "abuse of discretion." *See Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 200 (2d Cir.2003); *cf. In re Sims,* 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)).

We have held that Rule 17(c) does not require a district court to make a *sua sponte* determination of competency whenever a question exists regarding a plaintiff's mental capacity; instead, the duty to appoint a guardian ad litem or "make such order as it deems proper," Fed.R.Civ.P. 17(c)(2), is triggered by "actual documentation or testimony" of mental incompetency, *Ferrelli,* 323 F.3d at 201 n. 4. As we explained in *Ferrelli:*

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

*Id.* at 201 (citing *Hudnall,* 800 F.2d at 385).

Here, the District Court was presented with the sort of evidence contemplated by *Ferrelli*—an evaluation by a mental health professional employed by a public agency that details plaintiff's long history of men-

tal illness, indicates that such illness causes him to have difficulty functioning, and recommends that he be represented by a guardian ad litem in an unrelated state court proceeding. Thus, we find that the District Court, presented with such evidence, erred in failing to consider whether Rule 17(c) applied.

We have considered all of plaintiff's remaining claims and find them to be without merit.

### CONCLUSION

For the foregoing reasons, the judgment of the District Court is **VACATED,** and we **REMAND** the cause to the District Court for further proceedings in accordance with this order. The District Court shall consider in the first instance whether plaintiff is entitled to a refund of his costs incurred in pursuing this appeal.

The mandate shall issue forthwith.