08-3644-pr
Khalil v. Laird

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November two thousand and nine.

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
*Circuit Judges,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MUHAMMAD KHALIL,

*Plaintiff-Appellant,*

v.                                                                          No. 08-3644-pr

MR. PAUL M. LAIRD, Warden, MR. JUSTIN ANDREWS, Associate Warden, MR. R. SCHOENFELDER, Captain, MR. J. MCDEVITT, Chaplain, MR. HOENIG, Rabbi, MR. GAGLIARDI, MISS J. ANDERSON, Counselor Unit H52, Ex-Unit Manager, MR. V. ALCOSER, W. Laundry Ex-Supervisor, MR. S. BENETT,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR APPELLANT:                      Muhammad Khalil, *pro se*, Brooklyn, NY.

FOR APPELLEES:                      Benton J. Campbell, United States Attorney, and
                                    Margaret Kolbe and Tiana A. Demas, Assistant United
                                    States Attorneys, Eastern District of New York,
                                    Brooklyn, NY.

Appeal from a July 17, 2008 judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Muhammad Khalil, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York entered after the District Court dismissed this action for lack of subject matter jurisdiction. Khalil brought this action seeking declaratory and injunctive relief for alleged violations of his constitutional rights and those of other Muslim inmates at the federal Metropolitan Detention Center ("MDC") in Brooklyn, New York. We assume the parties' familiarity with the underlying facts, the procedural history of this action, and the issues raised on appeal.

Khalil was released from prison while this action was pending in the District Court. The District Court determined that, because Khalil was no longer housed in the MDC, Khalil's claims were moot and the Court lacked subject matter jurisdiction. We agree. When Khalil was released from prison, he no longer had a "continuing personal stake" in the outcome of this action, and his claims were rendered moot. *Muhammad v. City of N.Y. Dep't of Corr.*, 126 F.3d 119, 123 (2d Cir. 1997). Although a prisoner who has been released from a prison facility might, under some circumstances, be able to assert claims in a representative capacity on behalf of other inmates still housed in the facility, *see id.* at 124, Khalil may not do so here because Khalil is proceeding *pro se* and a "*pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (citing 28 U.S.C. § 1654); *see also Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009). Accordingly, Khalil's claims are moot and the District Court correctly dismissed this action for lack of subject matter jurisdiction.

We have considered all of Khalil's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the reasons set forth above, the July 17, 2008 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

2