*Edart Leasing Co., LLC v. Ryder Truck Rental, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand sixteen.**

PRESENT:
          ROBERT A. KATZMANN,
                 *Chief Judge*,
          JOSÉ A. CABRANES,
                 *Circuit Judge*,
          LEWIS A. KAPLAN,
                 *District Judge*.[*]

---

EDART LEASING COMPANY, LLC,

               *Plaintiff-Appellant*,

          v.                                             No. 15-1118

RYDER TRUCK RENTAL, INC.,

               *Defendant-Appellee*.

---

For Plaintiff-Appellant:                    Jonathan David Warner, Warner &
                                            Scheuerman, New York, NY.

---

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:               Martin L. Steinberg and Justin Brenner,
                                      Hogan Lovells US LLP, Miami, FL; Roger
                                      Juan Maldonado, Balber Pickard Maldonado
                                      & Van Der Tuin, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Edart Leasing Company, LLC appeals from the order of the United States District Court for the Southern District of New York (Rakoff, *J.*), entered on July 8, 2015, dismissing its complaint against Defendant-Appellee Ryder Truck Rental, Inc. with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss. *See ACLU v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015). Edart's amended complaint asserted two claims for breach of contract, both of which were dismissed with prejudice. *See Edart Leasing Co., LLC v. Ryder Truck Rental, Inc.*, No. 14-cv-7751 (JSR), 2015 U.S. Dist. LEXIS 89661, at *14 (S.D.N.Y. July 6, 2015). Edart appeals the dismissal of the second claim only. We affirm the dismissal of that claim for substantially the same reasons provided by the district court.

In brief, the parties entered into an Asset Purchase Agreement under which Ryder purchased all or substantially all of Edart's truck-leasing and commercial truck-rental business and related assets. Under that Agreement, Ryder was entitled to withhold $4.5 million to cover the cost of environmental remediation and repairs at former Edart facilities that were transferred to Ryder (the "Holdback Amount"). Under the Agreement, Ryder was required to make a payment of $1.5 million, less any amounts incurred or reasonably believed to be incurred to

2

cover the remediation, on each of the first three anniversaries of the Agreement's closing date. The Agreement also mandated that Ryder make a final payment of any remaining holdback payments, less any amounts incurred or reasonably believed to be incurred to cover the remediation or repairs, plus 4.5% interest on those remaining payments, to Edart "[u]pon the final resolution of any pending claims for which [Ryder] has withheld any amounts." J.A. 60. Edart alleges that Ryder has wrongfully retained the remaining holdback payment. As Edart itself acknowledges, however, the parties' Agreement "stated that Ryder's efforts to satisfy the Remediation Requirements will be considered complete upon its receipt of a written determination from the relevant state authority that no further remedial action is necessary or required." Appellant's Br. 8 (citing J.A. 109). Edart points to nothing in the record that would suggest that Ryder has received such a determination. Accordingly, we agree with the district court's conclusion that Edart's claim that Ryder breached the Agreement by failing to pay the remaining holdback payment is premature.

Seeking to avoid this conclusion, Edart explains that its "claim was based primarily on Ryder's failure to complete the remediation requirements in a reasonably expeditious manner and in failing to charge Edart for the costs actually occurred [*sic*]." Appellant's Br. 22. Other than pointing out that it has been more than six years since the contract closed, Edart does not provide any factual allegations to support a finding that Ryder has failed to move in a reasonably expeditious manner. Likewise, Edart fails to point to any factual allegations that would suggest that Ryder has not incurred expenses for repairs to the transferred facilities in the amounts to which it is entitled under the Agreement. Accordingly, we agree with the district court that Edart's complaint fails to state a claim for breach of contract.

Edart also faults the district court for dismissing its complaint with prejudice. "We review the district court's dismissal of a complaint with prejudice for abuse of discretion." *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 106 (2d Cir. 1998). Edart argues that the district

3

court should not have dismissed its complaint with prejudice because a Rule 12(b)(6) dismissal will preclude it from pursuing its premature claim once it has matured. Edart is correct that, "[a]s the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (citations omitted). But "[i]n ordinary circumstances a second action on the same claim is not precluded by dismissal of a first action for prematurity or failure to satisfy a precondition to suit." 18A Charles A. Wright, et al., *Fed. Practice & Procedure* § 4437 (2d ed. 2002). In other words, at least as it pertains to the premature aspect of Edart's breach-of-contract claim, the district court's "dismissal is not an adjudication on the merits that would bar assertion of the same [premature] claim after satisfying the precondition . . . , but it should preclude relitigation of the same precondition issue." *Id.*; *see also St. Pierre v. Dyer*, 208 F.3d 394, 400–01 (2d Cir. 2000) (holding that res judicata did not bar plaintiff from asserting claims for indemnification and contribution that could not have been asserted in plaintiff's prior action because, at the time of the prior action, no claims giving rise to indemnity or contribution rights had been brought against plaintiff). Accordingly, the district court did not abuse its discretion in dismissing the complaint with prejudice.

We have considered all of Edart's contentions on this appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4