Hughes v. Sprauve

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

————————————————————————

Marie Sette-Hughes, as Executrix of the
Estate of Alvin A. Hughes,

       *Plaintiff-Appellee*,

    v.                                   **15-1369**

Daisy B. Sprauve,

       *Defendant-Appellant*.

————————————————————————

**FOR DEFENDANT-APPELLANT:**    Daisy B. Sprauve, pro se, Brooklyn, NY.

**FOR PLAINTIFF-APPELLEE:**    Eric Wertheim, Val Mandel, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Daisy B. Sprauve, proceeding pro se, appeals from the district court's entry of a default judgment against her in the amount of $326,500 plus interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, a defendant directly appeals from the entry of a default judgment without first moving in the district court to vacate or set aside the judgment, "we review not whether the district court abused its discretion in declining to vacate the default judgment, but whether it abused its discretion in granting a default judgment in the first instance." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). In an appeal from a default judgment, we may review both the interlocutory entry of default and the default judgment. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

The district court properly struck Sprauve's answer from the record because it was filed by her daughter, who, as a non-attorney, could not appear on Sprauve's behalf, regardless of Sprauve's competency. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). Although the district court gave Sprauve 20 days to either file an answer or petition for appointment of a guardian ad litem, she did neither. Her failure to take action placed her in default and the clerk was required to enter a default notice. *See Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55(c)).

2

Sprauve also challenges the district court's entry of a default judgment. The district court did not abuse its discretion in determining that Sprauve was liable, as a matter of law, for breaching the parties' prior settlement agreement. *See id*. at 187. Accepting the allegations in the complaint as true, Hughes established that Sprauve breached the settlement agreement by failing to perform as the agreement required. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) ("To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." (internal quotation marks omitted)).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers and Allied Craftworkers*, 779 F.3d at 189 (internal quotation marks and alterations omitted). To determine damages in the default judgment context, a district court may conduct a hearing or rely on evidence provided by the plaintiff. *Id*. Here, the district court relied on the appraisal of Sprauve's property to determine damages. This was not an abuse of discretion. *See id.*

Sprauve's argument that the district court lacked subject matter jurisdiction over the default judgment is without merit: the parties were citizens of different states and the amount in controversy was more than $300,000, well over the required $75,000. *See* 28 U.S.C. § 1332. Additionally, her arguments about the merits of her first lawsuit are unrelated to the issues on appeal and have no bearing on the propriety of the default judgment.

Appellee argues that the district court erred by denying the motion to amend the default judgment to include attorney's fees. However, we may not consider this argument because it seeks additional relief for appellee and appellee has not cross-appealed. *See Pacific Capital*

3

*Bank, N.A. v. Connecticut*, 542 F.3d 341, 349 (2d Cir. 2008).

We have considered all of Sprauve's remaining arguments and find them to be without merit.   Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk