*Chien v. Barron*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
  PETER W. HALL,
  JOSEPH F. BIANCO,
      *Circuit Judges,*
  TIMOTHY C. STANCEU,*
      *Judge.*

_____

Andrew Chien,

      *Plaintiff-Appellant,*

  v.                                                     18-3319

Future Fintech Group Inc., HongKe Xue,
Barron Capital Advisors LLC,

      *Defendants-Appellees,*

Barron, Skypeople Fruit Juice Inc.,

_____

* Chief Judge Timothy Stanceu, of the United States Court of International Trade, sitting by designation.

*Defendants.*

FOR PLAINTIFF-APPELLANT: Andrew Chien, *pro se*, New Haven, CT.

FOR DEFENDANTS-APPELLEES: Malcolm Seymour III, Garvey Schubert Barer P.C., New York, NY; Brian S. Cohen, Lachtman Cohen P.C., White Plains, NY (*for* Future Fintech Group Inc. and Hongke Xue);

David B. Crevier, Crevier & Ryan, LLP, Springfield, MA (*for* Barron Capital Advisors, LLC).

Appeal from a judgment of the United States District Court for Connecticut (Haight, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Andrew Chien, proceeding *pro se*, brought an action on behalf of his dissolved limited liability company, USChina Channel LLC ("USChina"), against Future Fintech Group Inc. and HongKe Xue, Fintech's CEO (together, the "Fintech defendants"), and Barron Capital Advisors, LLC ("Barron"). Generally, Chien asserted that the defendants violated numerous federal and state laws by breaching an August 2006 contract between USChina and a precursor to Fintech, Shaanxi Tianren Organic Food Co., Ltd. ("Tianren"), and by obtaining a 2015 judgment by a Chinese court against USChina

2

based on that contract.   The district court granted the defendants' motions to dismiss, reasoning principally that as a *pro se* litigant Chien could not prosecute claims on USChina's behalf.   This appeal followed.   Chien has also moved to strike Barron's appeal brief, arguing that it did not meet this Court's filing requirements.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination that a plaintiff lacks standing to sue.   *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014).   To have standing, a plaintiff must show that (1) he "suffered an injury in fact," (2) there is a "causal connection between the injury and the conduct complained of," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted).   The party invoking federal jurisdiction bears the burden of establishing the elements of constitutional standing.   *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

Chien challenges the district court's holding that Connecticut General Statutes ("C.G.S.") § 34-267a(c) does not authorize him—as the last member of USChina, a limited liability corporation ("LLC")—to wind up USChina's affairs, and argues the he does, in

fact, have standing under this statute to bring this action. He also raises a number of new standing arguments on appeal: that § 34-267a(c) allows him to bring claims on behalf of USChina because there was "no need for assigning a counsel" under § 34-267a(d); that he has standing as an assignee or beneficiary of the "inheritance" of the dissolved USChina; and that he has an "independent right as a debt collector" against Skypeople (a predecessor to Fintech), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6)(B), to pursue this action. Because he raises these latter arguments for the first time on appeal, they are waived. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (citation omitted)).

C.G.S. § 34-267a became effective in July 2017 and neither a federal nor Connecticut state court has addressed the issue presented here: whether the last member of an LLC (who is not an attorney) may act as his or her own "legal representative" in order to prosecute claims on the company's behalf while the company winds up under C.G.S. § 34-267a(c) (providing that "the legal representative of the last person to have been a member may wind up the activities and affairs of the company"). The statute does not define the phrase "legal representative." "As with most matters of statutory interpretation, we start with the text of the statute. Statutory analysis necessarily begins

4

with the plain meaning of a law's text and, absent ambiguity, will generally end there." *United States v. Balde*, 927 F.3d 71, 75 (2d Cir. 2019) (internal quotation marks omitted). Further, "[i]t is well-settled that courts should avoid statutory interpretations that render provisions superfluous: It is our duty to give effect, if possible, to every clause and word of a statute." *United States v. Rowland*, 826 F.3d 100, 109 (2d Cir. 2016) (internal quotation marks and citation omitted). The statute explicitly refers to "the legal representative of the last person," not merely to "the last person," which strongly suggests that only an attorney, as a "legal representative," can prosecute actions on the company's behalf, and that a "person" is not equivalent to a "legal representative." This interpretation is consistent with longstanding case law that a layperson cannot represent a corporation. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (stating that generally, "a layperson may not represent a separate legal entity such as a corporation"); *see id*. at 140 ("A limited liability company also may appear in federal court only through a licensed attorney" and refusing to distinguish between LLCs and sole member or solely owned LLCs); *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132–33 (2d Cir. 2009) (observing that, in federal court, "parties may plead and conduct their own cases personally or by counsel," pursuant to 28 U.S.C. § 1654, but the statute "does not permit unlicensed laymen to represent anyone else other than themselves" (citation omitted)). Accordingly, the district court properly

ruled that Chien lacked standing to bring numerous claims on USChina's behalf that were all based on the 2006 contract between USChina and Tianren and the 2015 litigation against USChina in the Chinese court, and properly dismissed the complaint on that basis alone.

## B. TVPA Claim

Chien argues extensively on appeal that he "personally was the real victim under TVPA" based on the judgment issued in 2015 by Shaanxi Supreme People's Court ("Shaanxi court") in China against USChina. However, while his first amended complaint—the operative pleading—can be construed as raising a claim under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, which he does not pursue on appeal, it did not raise a claim under the Torture Victim Protection Act of 1991 ("TVPA"), § 1 et seq., 28 U.S.C. § 1350 note. Chien sought to raise a TVPA claim in his second and third amended complaints, but the district court denied his motions for leave to amend as moot after it granted the defendants' motions to dismiss. Nevertheless, the district court considered, and rejected, Chien's ATS claim in conjunction with the TVPA claim that he raised in his opposition to the motion to dismiss. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."). Chien claims he is a victim

6

under the TVPA because, if he travels to China, he will be detained and be required to pay the balance of the judgment issued by the Shaanxi court and will "be subjected to torture, cruel, inhuman, or other degrading treatment or punishment, arbitrary arrest and prolonged detention, and forced labor and beatings" if he does not pay.  First Am. Compl. ¶¶ 41, 54.

The TVPA "creates an express cause of action for victims of torture and extrajudicial killing in violation of international law" and requires state action.  *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1398 (2018); *see also Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 51 (2d Cir. 2014) (holding that the TVPA provides civil liability for, *inter alia*, "torture and extrajudicial killing carried out by an individual with actual or apparent authority, or color of law, of *any foreign nation.*" (emphasis and internal quotation marks omitted)).  To determine whether a defendant acted under color of foreign law, this Court looks to "principles of agency law and to jurisprudence under 42 U.S.C. § 1983." *Kadic v. Karadzic,* 70 F.3d 232, 245 (2d Cir. 1995). Under those principles, "[f]or purposes of the TVPA, an individual acts under color of law . . . when he acts together with state officials or with significant state aid."  *Khulumani v. Barclay Nat. Bank Ltd.,* 504 F.3d 254, 260 (2d Cir. 2007) (per curiam) (internal quotation marks omitted), *aff'd for want of a quorum sub nom. Am. Isuzu Motors, Inc. v. Ntsebeza*, 553 U.S. 1028 (2008).

7

Other than a conclusory reference to "acting under color of law," Chien provides no factual support that the Fintech defendants exercised any sort of state power in bringing the 2015 litigation in China and, therefore, they cannot be held liable under the TVPA. The district court did not err in dismissing this claim.

## C. Ex Parte Communication

Chien also argues that he received a "Judicial Proceedings Survey-For Counsel only," which created an "ex parte communication between the Court [and] defendants in this case" and which also made it difficult for the judge to rule in his favor as a *pro se* litigant. His argument is meritless. The district court docket shows a September 28, 2018 minute entry—filed the same day, but after, entry of the judgment—announcing that the communication was a Judicial Proceedings Survey, and that responses to it were confidential, anonymous, and would not be sent directly to the judge. It was "signed" by a court clerk. There is no basis in the record to support Chien's conclusion that because the survey was sent to counsel only and not to pro se litigants by an administrative officer of the court, it reflected bias by the district court against pro se litigants. The survey and the circumstances under which it was sent does not support a conclusion that the defendants and district court engaged in impermissible ex parte communications.

8

**II.     Motion**

Chien moves to strike Barron's brief, arguing that it does not meet this Court's filing requirements.   Barron did not respond.   Pursuant to this Court's Local Rule 25.1(e), pdf submissions must be "text searchable."   2d Cir. Local Rule 25.1(e).   Contrary to Chien's argument, Barron's brief is "text searchable."   Accordingly, because Barron did not violate this Court's filing requirements, we deny Chien's motion.

We have considered all of Chien's remaining arguments and find them to be without merit.   We **AFFIRM** the judgment of the district court and **DENY** Chien's motion to strike Barron's brief.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court