Jackson v. Connecticut Dep't of Public Health

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

───────────────────────────────────────

Beverly Jackson,

> *Plaintiff-Appellant*,

> v.                                                                      19-1848

Connecticut Department of Public Health,
Raul Pino, Adrienne Anderson,

> *Defendants-Appellees*.

───────────────────────────────────────

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Beverly Jackson, pro se, Norwalk, Connecticut. |
| **FOR DEFENDANTS-APPELLEES:** | William Tong, Attorney General, Claire Kindall, Solicitor General, Daniel Shapiro, Assistant Attorney General, Hartford, Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Beverly Jackson, proceeding pro se, appeals the district court's judgment dismissing her 42 U.S.C. § 1983 complaint. Jackson sued the Connecticut State Department of Health ("DPH"), its Commissioner, and a DPH employee, alleging that the Connecticut medical board had issued a cease and desist order that violated her First Amendment right to practice her religion, which she calls "Nedicine." The district court dismissed the complaint, ruling that the DPH was immune from suit and that Jackson's claims against the remaining defendants were barred by res judicata in light of her prior action, *Jackson v. Connecticut Department of Public Health*, D. Conn. 15-cv-750; 2d Cir. 16-2282 ("*Jackson I*"). In *Jackson I*, Jackson sued the DPH, its Commissioner, and a DPH employee, alleging that the DPH was investigating her for practicing medicine without a license, which interfered with her right to practice her *profession*, Nedicine. The district court dismissed *Jackson I* for failure to state a claim, and this Court dismissed Jackson's appeal as lacking an arguable basis in law or fact. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), we review legal conclusions de novo, and any fact finding for clear error. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). We review de novo the district court's ruling on

2

res judicata and its dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

The district court correctly held that Jackson's claims against the DPH, a state agency, must be dismissed on sovereign immunity grounds. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding Eleventh Amendment bars a suit against the State or its agencies, "regardless of the nature of the relief sought"). On appeal, Jackson argues that the State's immunity was abrogated by the Lanham Act, and that it is not immune because this is an *in rem* action. She is incorrect. First, Jackson did not raise a Lanham Act claim in this action, but, in any event, that Act did not abrogate the State's immunity. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999) (holding Congress had not validly abrogated State's immunity from suit under the Lanham Act, and immunity barred trademark claim against a State). Moreover, the caselaw Jackson cites about *in rem* actions is inapposite. She filed a complaint asserting a First Amendment violation, not an *in rem* action. *See Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 364 (2d Cir. 1995) (explaining that "an *in rem* action is an action against the arrested *res* itself and any judgment is thus limited to the value thereof or the value of the bond or stipulation substituted for the *res* to obtain its release" (quotation marks omitted)).

As to the individual defendants, the district court properly dismissed the complaint as barred by res judicata. Res judicata "applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221-22 (2d Cir. 2012) (quotation marks omitted). This doctrine bars

3

the re-litigation of claims that "were, *or could have been*, brought in an earlier litigation." *Bank of New York v. First Millennium, Inc*., 607 F.3d 905, 919 (2d Cir. 2010).

All elements are met here. *Jackson I* was dismissed with prejudice for failure to state a claim, a decision on the merits, and the district court was a court of competent jurisdiction. *See Berrios v. New York City Hous. Auth*., 564 F.3d 130, 134 (2d Cir. 2009) (reasoning a "dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects"). The defendants in this action were either also sued in *Jackson I* or were in privity with the *Jackson I* defendants. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

Jackson's brief contests only the last element of the res judicata analysis, arguing that she could not have raised her First Amendment claim until after *Jackson I* was decided. Jackson, however, does not explain why she could not have raised her First Amendment claim in *Jackson I*, or what happened after *Jackson I* that gave rise to her First Amendment claim. In this action, Jackson frames her claim as a right to practice her religion, as opposed to the right to practice her profession that she asserted in *Jackson I*. But at the time she filed *Jackson I*, the facts essential to her First Amendment claim were already present: she was a Nedicine practitioner, and the DPH had warned her that her practice of Nedicine constituted the unlawful practice of medicine. *See Woods v. Dunlop Tire Corp*., 972 F.2d 36, 39 (2d Cir. 1992) (explaining that, for res judicata purposes, it "is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [the plaintiff] chose to frame her complaint"). Nothing

4

prohibited Jackson from raising her First Amendment claim then, and her failure to do so is fatal to her later case.

We have considered all of Jackson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5