25-3051-cv
*Azagrar v. U.S. Small Bus. Admin.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty-six.

**PRESENT:**
> **SARAH A. L. MERRIAM,**
> **MARIA ARAÚJO KAHN,**
> > ***Circuit Judges*,**
>
> **ARUN SUBRAMANIAN,**
> > ***District Judge.****

_____

JOSEPH BEN HADDOU AZAGRAR, & PET ER 24/7,

> > *Plaintiff-Appellant*,

> v.                                                                              25-3051-cv

UNITED STATES SMALL BUSINESS ADMINISTRATION; KELLY LOEFFLER, IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF THE SBA; FIRST NATIONAL BANK OF PENNSYLVANIA,

> > *Defendants-Appellees*.

_____

* Judge Arun Subramanian of the United States District Court for the Southern District of New York, sitting by designation.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOSEPH BEN HADDOU AZAGRAR, *pro se*, East Setauket, NY. |
| **FOR DEFENDANTS-APPELLEES UNITED STATES SMALL BUSINESS ADMINISTRATION AND KELLY LOEFFLER:** | VARUNI NELSON, Assistant United States Attorney, Brooklyn, NY (Thomas R. Price, Assistant United States Attorney, Central Islip, NY, *on the brief)*, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE FIRST NATIONAL BANK OF PENNSYLVANIA:** | Novica Petrovski, Chartwell Law, New York, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Reyes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 17, 2025, order of the District Court is **AFFIRMED**.

Appellant Joseph Ben Haddou Azagrar, proceeding *pro se*, appeals from the denial of his motion for a preliminary injunction. Azagrar brought this action on his own behalf and purportedly on behalf of his business,[1] a veterinary clinic called "Pet ER 24/7," against

---

[1] A self-represented plaintiff cannot bring claims on behalf of any other party, including his own business. *See, e.g., Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132-33 (2d Cir. 2009).

the United States Small Business Administration and its administrator, Kelly Loeffler, (together, the "SBA") and the First National Bank of Pennsylvania ("FNB"). The complaint asserts three claims, all based on the SBA and FNB's failure to issue a loan: (1) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §706; (2) violation of Azagrar's rights to procedural due process under the Fifth Amendment; and (3) a claim for declaratory relief under 28 U.S.C. §§2201 and 2202.

Azagrar moved for a preliminary injunction "remanding the matter to the SBA for determination of whether the loan should be granted"; the District Court denied the motion. *See Azagrar v. U.S. Small Bus. Admin.*, No. 2:25CV03959(RER), 2025 WL 3567477, at *1 (E.D.N.Y. Nov. 17, 2025). Azagrar brought this interlocutory appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have appellate jurisdiction over "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. §1292(a)(1). We "review a district court's grant or denial of a preliminary injunction for abuse of discretion." *Upsolve, Inc. v. James*, 155 F.4th 133, 139 (2d Cir. 2025). "A district court abuses its discretion when its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or cannot be located within the range of permissible decisions." *Id.* (citation modified).

A party seeking a preliminary injunction must "demonstrate (1) irreparable harm

3

absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction. The movant also must show that the balance of equities tips in his or her favor." *Yang v. Kosinski*, 960 F.3d 119, 127 (2d Cir. 2020) (citation modified). Azagrar seeks an injunction that would alter the status quo *and* mandate the ultimate relief he seeks in this lawsuit – that is, consideration of the loan he seeks. In such cases, "where the movant is seeking to modify the status quo by virtue of a *mandatory* preliminary injunction . . . or where the injunction being sought will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits, the movant must also: (1) make a strong showing of irreparable harm, and (2) demonstrate a clear or substantial likelihood of success on the merits." *Id.* at 127-28 (citation modified).

Under either standard, we conclude that the District Court did not abuse its discretion by finding that Azagrar failed to establish a clear and substantial likelihood of success on the merits. Furthermore, although the District Court did not rest its decision on this basis, Azagrar also failed to show that he would suffer irreparable harm absent entry of a preliminary injunction. *See Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 934 F.2d 30, 34 (2d Cir. 1991) ("[A] mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction.").

4

We have considered all of Azagrar's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court