17-1416-cv
Securities and Exchange Commission v. Hansen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

                           *Plaintiff-Appellee*,

             v.                                              17-1416-cv

RANDAL KENT HANSEN,

                           *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Randal Kent Hansen, pro se, Duluth, MN.

Appearing for Appellee:      Robert B. Stebbins, John W. Avery, Sarah R. Prins, Securities and Exchange Commission, Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Randal Kent Hansen, proceeding pro se, appeals from the district court's grant of summary judgment to the Securities and Exchange Commission in its civil enforcement action against him. The SEC had alleged that Hansen violated numerous securities laws in connection with a Ponzi scheme and requested injunctive relief and disgorgement of his ill-gotten gains. Hansen was also criminally convicted of, inter alia, conspiracy to commit mail and wire fraud based on the same underlying facts, and barred through an administrative proceeding from further participating in the securities industry. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). We review a district court's disgorgement order and grant of injunctive relief for abuse of discretion. *SEC v. Lorin*, 76 F.3d 458, 461-62 (2d Cir. 1996).

We affirm the grant of summary judgment to the SEC for substantially the reasons set forth in the district court's opinion of March 31, 2017. The district court correctly ruled that Hansen's criminal conviction and the administrative decision established the elements of the charged violations. The court did not exceed the permissible bounds of its discretion in imposing remedies because Hansen failed to submit any evidence to rebut the SEC's reasonable approximation of the amount to be disgorged.

Hansen first argues that because he was concurrently engaged in a pending bankruptcy action, this action and the resulting judgment should have been stayed. His argument is without merit. The filing of a bankruptcy petition does not operate as a stay against SEC enforcement actions and the SEC may prosecute an action through and including the entry of a money judgment against a debtor. *See* 11 U.S.C. § 362(b)(4); *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000). The district court could therefore properly hear the SEC's action against Hansen. Moreover, Hansen's pending 28 U.S.C. § 2255 motion does not warrant a stay: his assertion that a decision on the motion will result in the vacatur of his criminal conviction is entirely speculative.

Hansen's reliance on *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), is misplaced. In *Honeycutt*, the Supreme Court held that "[f]orfeiture pursuant to [21 U.S.C.] § 853(a)(1) is limited to property the defendant himself actually acquired as a result of the crime." *Id.* at 1635. *Honeycutt* is silent on the issue of disgorgement, and Hansen's judgment was not imposed jointly and severally. Accordingly, *Honeycutt* is inapplicable to this case. Moreover, Hansen's disgorgement judgment did not violate double jeopardy. We have held that disgorgement under 15 U.S.C. § 77v(a) and 15 U.S.C. § 78aa is a nonpunitive remedy, in part because it is designed to "ensure that the defendant not profit from his illegal acts," and thus, the Double Jeopardy Clause does not apply to disgorgement orders. *SEC v. Palmisano*, 135 F.3d 860, 866 (2d Cir. 1998).

2

Finally, because this is a civil action, Hansen had no right to counsel. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

We have considered the remainder of Hansen's arguments and find them to be without merit. Accordingly, the judgmentof the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk