22-2096-cv
Johnson v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-three.

PRESENT:

> **GUIDO CALABRESI,**
> **EUNICE C. LEE,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

Vandyke Johnson,

> *Plaintiff-Appellant,*

> v.                                                     22-2096

City of New York, N.Y.P.D Officer Randazzo, Badge No. 959119, N.Y.P.D.

**Officer Hotoniel Diaz, John Doe #1, John Doe #2, Racheal Garcia, Wandaly Torres, Diana Alama, CPS Worker, David A. Hansell, Commissioner Administration for Children's Services, Jane Doe, CPS Worker, Bronx Care Health System, Sheena Blaise, CPS Worker,**

*Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | VANDYKE JOHNSON, *pro se*, New York, NY. |
| **FOR CITY DEFENDANTS-APPELLEES:** | LORENZO DI SILVIO (Tahirih M. Sadrieh, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |
| **FOR DEFENDANT-APPELLEE BRONX CARE:** | JUDY C. SELMECI (Wilson Elser Moskowitz, *on the brief*), Edelman & Dicker LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*; Barbara Moses, *Magistrate Judge*).

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Vandyke Johnson, proceeding *pro se*, challenges the district court's dismissal of, *inter alia*, malicious prosecution and false arrest claims brought pursuant to 42 U.S.C. § 1983. Johnson also appeals the dismissal of his § 1983 claims against Bronx Care Health System ("Bronx Care"), which he brought on the contention that doctors examined his children over his objections and thereby violated both his and his children's constitutional rights. We assume the parties' familiarity with the proceedings, which we discuss only as necessary to resolve this appeal.

In August 2019, Johnson was arrested after his stepdaughter filed a police report alleging physical violence by Johnson. Johnson was arraigned on charges including third-degree assault and endangering the welfare of a child, and a criminal court order of protection was issued prohibiting Johnson from contacting his stepdaughter. Shortly afterwards, based on these accusations, a neglect petition was filed in Family Court, and a separate Family Court order of protection

3

issued against Johnson. The Family Court order of protection was reissued on November 14, 2019, and was valid through February 24, 2020. Johnson contends that the criminal court order of protection expired when his criminal case was dismissed on November 25, 2019, after which he was informed by his attorneys that there was no longer an active order of protection against him; the attorneys were incorrect, however, as the Family Court order remained in effect.

Johnson was arrested twice for violating the Family Court order of protection. The first arrest occurred on November 25, 2019, only a few hours after his criminal case was dismissed, when he was arrested at home for violating the order of protection. Johnson claimed that the police were shown, and relied on, the Family Court order of protection, which Johnson has variously claimed he was not aware of or that it expired November 14, 2019. Johnson was arrested the second time for violating the Family Court order of protection on February 12, 2020, after attempting to pick up his youngest child at school. Eventually, all the charges stemming from the various arrests were dismissed, and the neglect petition filed in Family Court was withdrawn.

As to the claims against Bronx Care, Johnson contends that, following the

4

arrest of his wife for child neglect on February 7, 2020, his children were taken to Bronx Care and, without Johnson's permission and over his objections, were examined by hospital staff in what Johnson describes as an invasive manner.

Johnson sued the City of New York, the Commissioner of the New York City Administration for Children's Services ("ACS"), ACS employees, and individual police officers (the "City defendants") for, as relevant here, false arrest and malicious prosecution under 42 U.S.C. § 1983. Johnson also sued Bronx Care for violating his and his minor children's Fourth Amendment and due process rights. After permitting three amendments to Johnson's original complaint, the district court granted the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] Johnson appealed.

As an initial matter, and despite Bronx Care's argument to the contrary, this Court has jurisdiction to hear all parts of this case. Bronx Care contends that Johnson's notice of appeal was defective in part because it failed to identify the earlier, nonfinal order dismissing Johnson's claims against Bronx Care. However, Johnson's notice of appeal did identify the district court's final order

---

[1] Johnson's state law claims were dismissed without prejudice.

5

(doc. 97), which Johnson correctly described as the decision dismissing the remaining defendants and the case. So long as it identifies a final order or judgment, a notice of appeal is limited to certain specified orders *only* if the appellant "expressly stat[es]" that he intends for it to be so limited. Fed. R. App. P. 3(c)(5)(A), (6). Because Johnson's notice contained no express language limiting its reach, we have appellate jurisdiction over nonfinal orders, like the one pertaining to Bronx Care, that merged into and became appealable upon entry of final judgment. *See Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013).

This Court "review[s] the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

On appeal, Johnson raises three arguments: (1) under *Tenenbaum v. Williams*, 193 F.3d 581 (2d Cir. 1999), he had standing to bring claims against Bronx Care on behalf of his children; (2) there was no probable cause to arrest and prosecute him

and thus that he stated both malicious prosecution and false arrest claims; and (3) that the cases against him terminated in his favor. We address each in turn.

Beginning with the claims against Bronx Care, Johnson is correct that he retains a "constitutionally protected liberty interest in the care, custody and management of [his] children." *Tenenbaum*, 193 F.3d at 593. But, as the district court determined, it is a "well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child," with certain exceptions not relevant here. *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Because Johnson is not an attorney, he could not assert violations of his children's constitutional rights against Bronx Care. The district court properly dismissed these claims without prejudice. *See Berrios v. N.Y.C. House. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (reasoning that court may not "make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented").

Johnson's claims that Bronx Care violated his own constitutional due process rights are not sufficiently pleaded. Johnson merely asserted that Bronx Care created an unconstitutional policy of interviewing and examining children

7

without parental consent. But Johnson did not plead any facts in support of this claim, and legal conclusions alone do not suffice to state a valid constitutional claim. *See Shara v. Maine-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 82 (2d Cir. 2022).

Next, against the City defendants, Johnson alleged false arrest and malicious prosecution, for both the criminal proceedings against him as well as the neglect petition filed against him in Family Court. We assume, without deciding, that a malicious prosecution claim can be premised on a neglect petition.

"Probable cause is a complete defense to a constitutional claim for false arrest," and "continuing probable cause is a complete defense" to a tort claim for malicious prosecution. *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). "Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Id.* (internal quotation marks omitted). "The probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases" and requires "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty."

8

*Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013) (internal quotation marks omitted). "[P]robable cause must be shown as to each crime charged in the underlying criminal action." *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021).

Johnson argues that his November 2019 and February 2020 arrests were unsupported by probable cause, but we do not agree.[2] Johnson claimed that the November 2019 arrest was unsupported by probable cause because the police relied on either an order of protection he had never received or on an expired version of the Family Court order. There is no dispute, however, that the Family Court order was actually in effect and an arrest premised on it would be valid even if the officers were shown an older, expired copy of the order at some point prior to the arrest. *See Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) ("Probable cause requires an officer to have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested . . . . [P]robable cause

---

2 To the extent Johnson now argues that the officers lacked probable cause for the initial August 2019 arrest, the allegations as pleaded fail to make out a lack of probable cause. According to Johnson's own complaint, his stepdaughter filed a police report alleging Johnson physically harmed her. This was sufficient to support the arrest. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

9

does not require absolute certainty." (internal quotation marks and citations omitted)). Moreover, the ACS employee's report to the police of Johnson's violation of the order of protection could support a valid determination of probable cause so long as there was no reason to doubt her veracity. *See id.* Regarding the February 2020 arrest, he claimed that school officials falsely reported to police that he was in violation of the Family Court order of protection. Again, however, Johnson did not dispute that the Family Court order was still in effect, and the reports of the school officials, even if later determined to be false, could support a valid determination of probable cause so long as there was no reason to doubt the officials' veracity. *See id.*

Claims for malicious prosecution require a plaintiff to allege, on top of lack of probable cause, "that the proceeding was instituted with malice." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (internal quotation marks omitted). Johnson has not pleaded that any of the defendants acted with malice when instituting the criminal or neglect proceedings. Thus, the district court correctly dismissed Johnson's § 1983 malicious prosecution claims. Because Johnson failed to plead two necessary elements for the malicious prosecution claim—actual

malice and lack of probable cause—we need not reach his arguments regarding favorable termination.

We have considered Johnson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11